DAVE CURTIS v. STATE.

No. A-1651.    Opinion Filed June 30, 1913.

Appeal from Osage County Court;

C. T. Bennett, Judge.

Dave Curtis was convicted of a violation of the prohibition law, and appeals Affirmed.

Leahy & MacDonald, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, Asst. Atty. Gen. and Jos. L. Hull, Special Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Dave Curtis, was convicted in the county court of Osage county, upon an information charging him with the unlawful possession of intoxicating liquors, with the intention of violating the provisions of the prohibitory liquor laws of the state of Oklahoma, and on the 20th day of January, 1912, in accordance with the verdict of the jury, he was sentenced to be confined for thirty days in the county jail, and to pay a fine of five hundred dollars, and in default of the payment of said fine to be further committed until the payment of said fine is fully satisfied according to law.

The main contention is that the evidence is insufficient to sustain the verdict and judgment. J. R. Swift, city marshal of Bigheart and a deputy sheriff acting in his official capacity searched the defendant's place of business on the day alleged in the information and found about one hundred bottles of beer in an ice box which he seized. The defendant objected strenuously to his taking the box; that he saw the defendant give beer to four or five persons; that no other business was conducted in the place and he never saw anything but beer and whisky there. J. G. Copenhaver testified that he had seen beer and whisky in the place and had bought whisky from the defendant there, and saw the defendant sell, barter and give away whisky to others there. In behalf of the defendant, W. B. Jackson testified that the defendant did not object to the taking of the beer, but objected to the taking of the ice box. Defendant did not testify in his own behalf.

This evidence is to our minds, conclusive that the defendant did have the possession of intoxicating liquors with the intention of violating the prohibitory law by selling the same, and we find no error committed on the trial of the case that would require a reversal of the judgment. The judgment of conviction is therefore in all things affirmed.